**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | |
|---|---|
| **KRISTINA GAROUTTE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No.: 4:16-CV-2087-VEH** |
| ) | |
| **NANCY BERRYHILL,** *Acting* ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| **Defendant**. ) | |
| ) | |

## **MEMORANDUM OPINION**

### I. INTRODUCTION

Plaintiff Kristina Garoutte ("Garoutte") brings this action under 42 U.S.C. § 405(g). Garoutte seeks a review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied her application for supplemental security income ("SSI"). Garoutte filed her application on February 13, 2014. After that, Garoutte exhausted the administrative remedies available before the Commissioner. This case is now ripe for judicial review under section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g).

Garoutte appeals the ALJ's decision on eight different grounds. After reviewing the entire record and the arguments set forth, this Court **REVERSES** and

**REMANDS** the decision of the Commissioner.

## II.　RELEVANT BACKGROUND

Garoutte was 36 years old when she filed her application. (Tr. 25). Her past relevant work includes being a merchandise displayer. (*Id.*). The alleged onset date is January 1, 2013. (*Id.* at 13). On February 13, 2014, Garoutte filed an application for SSI. (*Id.*). The Social Security Administration denied that application on April 10, 2014. (*Id.*). On March 19, 2015, Administrative Law Judge Claire R. Strong held a video hearing. (*Id.*). The ALJ issued her decision on May 29, 2015, which was unfavorable to Garoutte. (*Id.* at 27). The ALJ determined that Garoutte suffers from numerous severe impairments but found that her impairments did not meet the severity of the ones included in the Code of Federal Regulations. (*Id.* at 15, 17). The ALJ also determined that Garoutte could still perform substantial gainful activity. (*Id.* at 25-26). Garoutte requested the Appeals Council review her claim. (*Id.* at 1-4). They refused. (*Id.*).

Garoutte filed her Complaint in the Northern District of Alabama on December 23, 2016. (Doc. 1). She filed her brief in support of her Complaint on July 6, 2017. (Doc. 12). The Commissioner responded on September 6, 2017. (Doc. 16). Additionally, the parties have addressed Garoutte's Notice of Supplemental Authority. (Docs. 17, 18).

## III. STANDARDS

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id*. Factual findings that are supported by substantial evidence must be upheld by the court.

The ALJ's legal conclusions, however, are reviewed *de novo*, because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F.

2d 1143, 1145-46 (11th Cir. 1991).

## IV. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[1] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)  whether the claimant is currently employed;

---

[1] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

(2) whether the claimant has a severe impairment;

(3) whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];

(4) whether the claimant can perform his or her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## V. FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

After considering the record, the ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity since February 13, 2014, the application date (20 CFR 416.971 *et seq.*).

5

2.  The claimant has the following severe impairments: status post disk herniation at L5-S1 with impinging nerve root from motor vehicle accident on August 1, 2003; chronic post traumatic lumbago with radiculopathy; and obesity (20 CFR 416.920(c)).

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant requires a sit/stand option. She can bend, reach overhead, and push/pull on an occasional basis. She is limited to unskilled work.

5.  The claimant is unable to perform any past relevant work (20 CFR 416.965).

6.  The claimant was born on [REDACTED] and was 36 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7.  The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since February 13, 2014, the date the application was filed (20 CFR 416.920(g)).

(Tr. 15-26) (emphasis omitted).

## VI. ANALYSIS

Garoutte assigns eight different grounds for appeal. Her eighth argument is that "[t]he Appeals Council failed to review new submissions dated after the date of the ALJ [d]ecision solely because the records were dated after the date of the [d]ecision, without considering if the submissions were chronologically relevant." (Doc. 12 at 2, 42-51) (emphasis omitted). She then later refers to four different letters submitted by counsel to the Appeals Council. (*Id.* at 42). Those letters are dated October 12, 2015, December 4, 2015, June 8, 2016, and October 10, 2016. (*Id.*). Attached to those letters were submissions of new medical records. (*Id.*); (*see also* Tr. 13E, 14E, and 15E). However, the Court was unable to locate in the record the letter from June 8, 2016, containing "medical records from Dr. Morton Rickless dated [February 1, 2016, to February 23, 2016]". (*Id.*).

The Commissioner confirmed that these medical records are not in the administrative record. (Doc. 16 at 24 n. 2). However, even though these documents are not in the record before the Court, and even though there is no indication that the Appeals Council ever considered these records, and even though there is no clear

7

indication the ALJ ever considered these records (because they were submitted to the Appeals Council), the Commissioner essentially wants the Court to overlook that omission and affirm. (*See id.*). When this Court has an incomplete record, apparently through no fault of the claimant, the Court cannot just say it does not matter.

All documents filed by counsel in this Court must comply with Rule 11 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 11. Garoutte's brief, signed by her attorney, states that "[c]ounsel submitted the following on appeal. . . Letter dated 6/8/2016 with the submission of medical records from Dr. Morton Rickless." (Doc. 12 at 42). The Court takes Garoutte's counsel at his word that he, or someone at his firm, submitted these medical records to the Appeals Council. Garoutte's eighth argument is that the Appeals Council did not consider the later submissions to determine whether they were chronologically relevant. (Doc. 12 at 2, 42-51). Given that the records from Dr. Morton Rickless are nowhere to be found in the record, it appears that not only did they not consider if the records were chronologically relevant, but that the records were not considered at all.

Additionally, the letter from Garoutte's counsel, dated October 10, 2016, makes reference to the June 8, 2016, letter. (Tr. 253). That letter states that "new, material, and chronologically relevant records were submitted" with the June 8, 2016, letter.

(*Id.*).[2] The Court would hope that upon receipt of that letter, the Appeals Council double-checked the administrative record to ensure they had all of counsel's additional submissions that counsel told them were "new, material, and chronologically relevant." (*Id.*).

The Commissioner cites to the Eleventh Circuit in *Mitchell* in support for the idea that "[Garoutte] failed to show that such evidence was chronologically relevant to the period considered by the ALJ, and failed to show that the evidence rendered the ALJ's decision erroneous or unsupported by substantial evidence." (Doc. 16 at 24 n. 2) (citing *Mitchell v. Commissioner, Social Sec. Admin.*, 771 F.3d 780, 785 (11th Cir. 2014)). However, *Mitchell* does not control the outcome of this case. In *Mitchell*, the claimant submitted new evidence to the Appeals Council after the ALJ did not rule in his favor. *Mitchell*, 771 F.3d at 781-82. Then, "[t]he Appeals Council denied [the claimant's] request for review, explaining that it had considered [the claimant's] reasons for disagreeing with the ALJ's decision as well as his additional evidence." *Id.* The panel noted that they "[d]id not have a similar basis [to the court in *Epps*] for doubting the Appeals Council's statement that it considered Mitchell's additional evidence." *Id.* at 784. The Eleventh Circuit "[held] that the Appeals Council is not

---

[2] The letter also makes reference to another letter from February 2, 2016. (Tr. 253). Garoutte does not mention this letter in her brief. (*See* Doc. 12 at 42).

required to explain its rationale when denying a request for review." *Id.* at 785. Here, the Court has a basis to doubt the Appeals Council considered additional evidence when that evidence is not found in the administrative record.

"It is well-established that the ALJ has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The same is true of the Appeals Council. *See Sims v. Apfel*, 530 U.S. 103, 111 (2000) ("It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . and the Council's review is similarly broad."); *Butler v. Astrue*, 926 F. Supp. 2d 466, 477 (N.D.N.Y. 2013) ("The duty to develop the record extends to the Appeals Council.") (citing *Sims*, 530 U.S. at 111). It is also true that "the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *See Ellison*, 355 F.3d at 1276. Here, the Court has a brief, signed by counsel, governed by Rule 11, assuring the Court that these medical records were submitted. (*See* Doc. 12 at 42, 51). Since these medical records do not appear in the administrative record, the Court finds the record was not fully developed.

This Court "[has] no way of knowing whether the evidence missing from this case would sustain [claimant's] contentions of her inability to work. In the absence of proof to the contrary, however, [the court] must assume that it does lend credence

to her allegations." *Brown v. Shalala*, 44 F.3d 931, 936 (11th Cir. 1995). Without any assurances that the Appeals Council even looked at the missing records, this Court is compelled by fairness to remand the case for further consideration.[3]

## VII. CONCLUSION

The Court passes no judgment on Garoutte's multitude of other arguments or on whether she is ultimately disabled. The Court does find that this case is due to be sent back down to the Appeals Council for them to find (or otherwise obtain) and consider these missing records. These records might not change a thing. They might not be material; they might not be chronologically relevant. If they are neither of those things, the Court expects the Appeals Council to say so in accordance with Eleventh Circuit precedent. However, until the Appeals Council actually looks at these records, they cannot know. In conclusion, the decision of the Commissioner is due to be, and hereby is, **REVERSED** and **REMANDED**.

---

[3] The Eleventh Circuit in *Brown* stated:

> In evaluating the necessity for a remand, we are guided by "whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.' " *Smith*, 677 F.2d at 830 (quoting *Ware v. Schweiker*, 651 F.2d 408, 413 (5th Cir.Unit A July 1981), cert. denied, 455 U.S. 912, 102 S.Ct. 1263, 71 L.Ed.2d 452 (1982)).

*Brown*, 44 F.3d at 935-36.

**DONE** and **ORDERED** this 15th day of February, 2018.

                                                                       **VIRGINIA EMERSON HOPKINS**
                                                                       United States District Judge